### Erik HAYRAPETYAN, Petitioner,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

No. 05–77204.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Alex Gortinsky, Law Offices of Alex Gortinsky, Fair Oaks, CA, for Petitioner.

Helen J. Brunner, Susan M. Harrison, USSE—Office of the U.S. Attorney, Seattle, WA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, MOH–District Counsel, Office of the Deputy Chief Counsel, Department of Homeland Security, Helena, MT, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, LEAVY, and TASHIMA, Circuit Judges.

MEMORANDUM **

Erik Hayrapetyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *see Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and deny the petition for review.

The BIA did not abuse its discretion when it denied reconsideration because Hayrapetyan's motion merely disagreed with the BIA's prior decision and did not specify errors of law or fact as required by 8 U.S.C. § 1229a(c)(6)(C) ("The motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."). Further, the BIA did not abuse its discretion when it also construed the motion as a motion to reopen, *see Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005), and concluded that Hayrapetyan did not put forth evidence of changed circumstances, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (permitting a motion to reopen based on evidence of "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

available and could not have been discovered or presented at the previous hearing.").

To the extent Hayrapetyan raises contentions regarding the BIA's underlying decision, we lack jurisdiction to review those contentions because this petition is not timely as to that decision. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders").

**PETITION FOR REVIEW DENIED.**